# In the United States Court of Federal Claims

OFFICE OF SPECIAL MASTERS

No. 24-2078V

| | |
|---|---|
| TIMOTHY EVANS,<br><br>　　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: August 6, 2025 |

*Bridget Candace McCullough*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Sara DeStefano*, U.S. Department of Justice, Washington, DC, for Respondent.

**RULING ON ENTITLEMENT**[1]

　　　　On December 17, 2024, Timothy Evans filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that that he suffered Guillain-Barré Syndrome ("GBS") as a result of an influenza ("flu") vaccine administered on January 10, 2023. Petition at 1. Petitioner further alleges that he received his vaccination in the United States, that he suffered the residual effects of his injury for more than six months, and that there has been no prior award or settlement of a civil action on his behalf as a result of his injury. *See* Petition at ¶¶ 2, 10-12. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On August 1, 2025, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent states that

> [m]edical personnel at the Division of Injury Compensation Programs, Department of Health and Human Services, have reviewed the petition and medical records filed in this case. It is respondent's position that petitioner has satisfied the criteria set forth in the Vaccine Injury Table and the Qualifications and Aids to Interpretation for GBS following the intramuscular administration of a seasonal flu vaccination. 42 C.F.R. § 100.3(a)(XIV)(D), (c)(15).

*Id.* at 7. Respondent further agrees that

> [w]ith respect to other statutory and jurisdictional issues, the records show that the case was timely filed, that the flu vaccine was received in the United States, and that petitioner satisfies the statutory severity requirement by suffering the residual effects or complications of his injury for more than six months after vaccine administration. *See* 42 U.S.C. §§ 300aa-11(c)(1)(B)(i)(I), -11(c)(1)(D)(i). Petitioner also avers that neither he nor any other party has ever filed any action for petitioner's vaccine-related injury, nor has he or any other party received compensation in the form of an award or settlement for his vaccine-related injury. Petition at 4. Thus, in light of the information contained in petitioner's medical records, petitioner has satisfied all legal prerequisites for compensation under the Vaccine Act.

*Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

IT IS SO ORDERED.

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master